UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACKUELINE SHOCKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV638 FRB |
| ) | |
| CITY OF ST. LOUIS DIVISION OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Presently pending before the Court is plaintiff Jackueline Shockley's Motion for Appointment of Counsel (Docket No. 4). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101, et seq. Plaintiff was granted leave to proceed in this cause in forma pauperis. Plaintiff now seeks the appointment of counsel to assist her with her claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and

the ability of the indigent to present her claims. <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998).

The facts of this case are not complex. Plaintiff alleges that she was discriminated against in her employment on account of her gender and disability, and also claims that she experienced retaliation in her employment. A reading of plaintiff's Complaint shows her able to investigate crucial facts. Plaintiff has adequately identified the circumstances giving rise to her claims, the persons involved, and the bases upon which she contends she is entitled to relief. With respect to the existence of conflicting testimony, the undersigned notes that this case is in its preliminary stages, with a scheduling order yet to be put in place governing discovery and dispositive matters. Whether and to what extent conflicting testimony exists with respect to the substance of plaintiff's claims will be evident upon further proceedings in the cause. Finally, the complexity of the legal issues does not merit an appointment of counsel at this time. As set out above, plaintiff claims that she was unlawfully discriminated in her employment and suffered retaliation. Such matters do not involve overly complex issues of law.

Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to her claims, the undersigned finds plaintiff able to adequately present her claims to the Court.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel (Docket No. 4) is denied without prejudice.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this __31st__ day of August, 2010.