```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

JACKUELINE SHOCKLEY,              )
                                  )
            Plaintiff,             )
                                  )
      v.                           )     No. 4:10CV638 FRB
                                  )
CITY OF ST. LOUIS DIVISION OF      )
CORRECTIONS,                       )
                                  )
            Defendant.             )

**<u>MEMORANDUM AND ORDER</u>**

Presently pending before the Court is defendant City of St. Louis Division of Corrections' Motion for Judgment on the Pleadings (filed February 23, 2011/Doc. #20). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Jackueline Shockley brings this action <u>pro</u> <u>se</u>, alleging that the City of St. Louis Division of Corrections ("Division of Corrections") discriminated against her in her employment on account of her gender, disability, and in retaliation for engaging in protected activity. Plaintiff brings her claims pursuant to Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u>; and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, <u>et</u> <u>seq.</u>, and names the Division of Corrections as defendant. The Division of Corrections now requests the Court to enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that it is a unit of local government and is not a suable

entity.  Plaintiff has responded to the motion.

In its motion, the Division of Corrections cites Hester v. City of St. Louis, et al., No. 4:10CV2389 SNLJ, 2011 WL 65107, at *7 (E.D. Mo. Jan. 7, 2011), and Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992), to support its averment that the Division of Corrections is not a suable entity.  The undersigned notes that the claims raised in both Hester and Ketchum were brought pursuant to 42 U.S.C. § 1983 and that neither court provided any detailed explanation regarding its holding.  For the following reasons, the undersigned determines such holding to properly extend to plaintiff's instant employment discrimination claims brought pursuant to Title VII and the ADA.

Where a department of a City is not a legislatively-created entity, but rather is an administrative arm of the City, it lacks a legal identity apart from the City and is therefore not a suable entity unto itself.  Jordan v. Kansas City, 929 S.W.2d 882, 887-88 (Mo. Ct. App. 1996); State of Mo. ex rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979).  In this cause, the Court takes judicial notice of the Charter of the City of St. Louis and related rules, which include conditions and terms of employment, as well as administrative processes by which aggrieved City employees may challenge employment decisions.  St. Louis City Charter, Art. XVIII; City of St. Louis Dep't of Pers. Civil Serv. R. XIII. Notably, persons employed within the Division of Corrections for

the City of St. Louis avail themselves of such processes. <u>See</u>, <u>e.g.</u>, <u>Sapp v. City of St. Louis</u>, 320 S.W.3d 159 (Mo. Ct. App. 2010) (aggrieved employee employed by the City of St. Louis as a Correctional Officer within the Division of Corrections); <u>Perry v. City of St. Louis Civil Serv. Comm'n</u>, 924 S.W.2d 861 (Mo. Ct. App. 1996) (same). As such, although employed within the Division of Corrections, such employees are nevertheless employed by the City of St. Louis.

The plaintiff here claims that she was subjected to discrimination in her employment within the Division of Corrections. Because the Division of Corrections is an administrative arm of the City of St. Louis and is not a legislatively-created entity separate from the City, and because the St. Louis City Charter governs the terms and conditions of employees employed therein, including the incorporation of an administrative process by which aggrieved employees within the Division of Corrections may challenge employment decisions, the undersigned finds the Division of Corrections not to be a suable entity and that plaintiff's claims of employment discrimination are more properly brought against the City of St. Louis.

A review of plaintiff's Complaint shows her to attempt to litigate her claims against her true employer. According plaintiff's <u>pro</u> <u>se</u> Complaint liberal construction, the Court will construe plaintiff's Complaint as against the City of St. Louis,

which is a proper suable entity.  See Mosley v. Reeves, 99 F. Supp. 2d 1048, 1053-54 (E.D. Mo. 2000); Russell v. City of Overland Police Dep't, 838 F. Supp. 1350, 1352 (E.D. Mo. 1993) (Title VII case).[1]

Therefore,

**IT IS HEREBY ORDERED** that the City of St. Louis, Missouri, is hereby substituted for the City of St. Louis Division of Corrections as the proper party defendant in this cause.

**IT IS FURTHER ORDERED** that the motion of the City of St. Louis Division of Corrections for the Court to enter judgment on the pleadings (Doc. #20) is denied.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this  *6th*  day of April, 2011.

---

[1] The defendant will not be prejudiced by such substitution of parties inasmuch as the defendant fully answered plaintiff's claims in June 2010, has been operating under the Court's Case Management Order for a number of months, and only recently filed the instant motion for judgment on the pleadings.